UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: DIPAKKUMAR VANMALIBHAI PATEL and   No. 7-10-12627 JA
PADMABEN DIPAKKUMAR PATEL,

Debtors.

HASMUKHBHAI K PATEL and USHABEN H. PATEL,
Individually and in their capacity as members of
ROSHAN HOSPITALITY, LLC,

Plaintiffs,

v.   Adversary No. 10-1200 J

DIPAKKUMAR VANMALIBHAI PATEL, PADMABEN
DIPAKKUMAR PATEL and ROSHAN HOSPITALITY, LLC,

Defendants.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT, IN PART, AND DISMISSING PLAINTIFF HASMUKHBHAI K. PATEL'S DERIVATIVE CLAIMS IN THIS ADVERSARY PROCEEDING

THIS MATTER is before the Court on the Motion of Dipakkumar Vanmalibhai Patel and Padmaben Dipakkumar Patel for Partial Summary Judgment against Hasmukhbhai K. Patel as a Party ("Motion for Partial Summary Judgment"), filed by and through their attorneys of record, Moore, Berkson & Gandarilla, P.C. (George M. Moore and Arin E. Berkson). *See* Docket No. 20. Defendants also filed a Memorandum in Support of Defendants' Motion for Partial Summary Judgment (Docket No. 20-1). Plaintiffs filed a response with supporting affidavit, and Defendants filed a reply with supporting affidavit. *See* Docket No. 23 and Docket No. 24.[1]

---

[1]Since Plaintiffs filed their response, Puccini Law, P.A. (Leslie Montano Thompson and Louis Puccini, Jr.) have entered their appearance on behalf of the Plaintiffs, replacing Plaintiffs' former counsel of record, Michael K. Daniels. *See* Order Authorizing Withdrawal of Plaintiffs' Counsel (Docket No. 26) and Entry of Appearance on Behalf of Plaintiffs (Docket No. 29).

Plaintiffs filed this action for a determination of non-dischargeability of debt under 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(5), naming Roshan Hospitality, LLC as a Plaintiff, and also "as a nominal defendant solely in a derivative capacity." *See* Complaint to Determine Dischargeability of Debt ("Complaint"), ¶ 12 - Docket No. 1. Defendants seek dismissal of all claims made by Plaintiff Hasmukhbhai K. Patel (hereinafter, H.K. Patel) on grounds that he lacks standing to bring this action in his individual capacity or as a derivative action on behalf of Roshan Hospitality, LLC (the "Company") because he was not a member of the Company at any time relevant to the alleged wrongful acts described in the Complaint. In response to the Motion, H.K. Patel counters that 1) he is a creditor of the Company and of the Defendants individually; 2) he has been involved in the business affairs of the Company since its inception; 3) he has a community property interest in his wife's formal ownership interest in the Company sufficient to confer standing; and 4) his interactions with the parties and with the Company make him a *de facto* member of the Company. *See* Response to Defendants['] Motion for Summary Judgment ("Response") – Docket No. 23.

After consideration of the Motion for Partial Summary Judgment, the supporting memorandum and affidavit, Defendants' Response, and Plaintiffs' reply with supporting affidavit, and being otherwise sufficiently informed, the Court finds that the facts not subject to genuine dispute establish, as a matter of law, that H.K. Patel does not hold an interest in the Company sufficient to confer standing to assert a derivative action. However, because the Motion for Partial Summary Judgment seeking dismissal of H.K. Patel, individually, relies solely on the fact that H.K. Patel does not hold a membership interest in the Company, it is not appropriate to dismiss H.K. Patel from this adversary proceeding in his individual capacity.[2]

---

[2]Defendants have not argued that the claims raised in the Complaint can *only* be brought as a derivative action. Generally, case law regarding shareholder derivative suits brought against corporations prohibits individuals from

The Court will, therefore, grant the Motion for Partial Summary Judgment, in part, and dismiss Plaintiff H.K. Patel in his capacity as member of the Company seeking a derivative claims against Defendants.

## SUMMARY JUDGMENT STANDARDS

Summary Judgment, governed by Rule 56, Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7056, Fed.R.Bankr.P. , will be granted when the movant demonstrates that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Rule 56(a), Fed.R.Civ.P. In order to defeat a motion for summary judgment, the opposing party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(internal citations omitted). When evaluating a motion for summary judgment, the Court must view the facts in the light most favorable to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc., (In re Harris),* 209 B.R. 990, 995 (10th Cir. BAP 1997)("When applying this standard, we are instructed to 'examine the factual record and reasonable inferences therefrom in the light most favorable to the party

---

suing a corporation directly when the alleged wrong was against the corporation. *See, e.g., Kauffman v. Dreyfus Fund, Inc.,* 434 F.2d 727, 732 (3rd Cir. 1970)(explaining that "[a] stockholder of a corporation does not acquire standing to maintain an action in his own right, as a shareholder, when the alleged injury is inflicted upon the corporation and the only injury to the shareholder is the indirect harm which consists in the diminution in value of his corporate shares resulting from the impairment of corporate assets."); *Marchman v. NCNB Texas Nat'l Bank,* 120 N.M. 74, 82, 898 P.2d 709, 717 (1995)(stating that "[t]here must be a direct injury to the shareholder in his or her individual capacity, independent of any duty to the corporation, before the shareholder is entitled to sue [in his or her individual capacity,]" and explaining further that "[s]hareholders acquire standing to maintain actions in their own right when they have suffered an injury separate and distinct from the other shareholders or when they are owed a special duty by the wrongdoer.")(citation omitted); *Ayres v. AG Processing Inc.,* 345 F.Supp. 2d 1200, 1207 (D.Kan. 2004)(Nebraska law follows the general rule that "a corporate shareholder may not bring an action in his or her own name to recover for wrongs done to the corporation or its property.")(citations omitted). *See also, Safety Technologies, L.C. v. Biotronix 2000, Inc.,* 136 F.Supp.2d 1169, 1172 n.3 (D.Kan. 2001)(stating generally that [a] shareholder in a corporation may not sue individually if the harm to the shareholder is derivative[,]" and suggesting further that "the Kansas Supreme Court would [likely] also apply this precedent limiting lawsuits by individual shareholders to limit lawsuits by members of limited liability companies.")(citation omitted).

3

opposing summary judgment.'")(quoting *Wolf v. Prudential Ins. Co. of America,* 50 F.3d 793, 796 (10th Cir. 1995)(quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990)(additional internal quotation marks omitted)).

## FACTS

Defendants identify the following facts as not subject to genuine dispute: 1) Defendant H. K. Patel is not a member of the Company; 2) Ushaben H. Patel ("Usha Patel") owns a minority interest in the Company; and 3) the only parties to this adversary proceeding who are members of the Company are Usha Patel and Dipakkumar Vanmalibhai Patel ("Danny Patel"). Defendant H.K. Patel's Response denies that he is not a member of the Company, but his affidavit does not assert that he holds a formal membership interest in the Company. And though Defendants' Response denies that Usha Patel holds a minority interest in the Company, H.K. Patel's Affidavit contains an affirmative statement that Usha Patel is a minority member of the Company. *See* Affidavit of Hasmukhbhai Patel, ¶ 6 – Docket No. 23-1. Plaintiffs' Response is not supported by any evidence to the contrary.

## DISCUSSION

Defendants assert that because H.K. Patel does not hold a membership interest in the Company, he lacks standing to assert a derivative action on behalf of the Company. H.K. Patel counters that he holds a beneficial ownership interest in his wife's membership interest in the Company sufficient to confer derivative standing. The Court concludes that H.K. Patel does not have standing to assert a derivative action because he is not a member of the Company.

To assert a derivative action, a plaintiff must satisfy the procedural requirements of Rule 23.1, Fed.R.Civ.P., and any other requirements of applicable law. *See Wallner v. Liebl (In re Liebl),* 434 B.R. 529, 537 n.3 (Bankr.N.D.Ill. 2010)(stating that "the Rule 23.1 requirements are

4

procedural pleading requirements, not substantive requirements[,]" and that "[t]he circumstances under which a plaintiff has the right to bring a derivative action is determined by other law.")(citing Moore's Federal Practice – Civil §§ 21.1.03 and 21.1.04)).[3] Rule 23.1, Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7023.1, Fed.R.Bankr.P., provides, in relevant part:

> This rule applies when one or more shareholders or members of a corporation or an unincorporated association bring a derivative action to enforce a right that the corporation or association may properly assert but has failed to enforce.

Rule 23.1(a), Fed.R.Civ.P.

Rule 23.1(a), Fed.R.Civ.P., permits a shareholder of a corporation, or a member of an unincorporated association, in appropriate circumstances, to assert a derivative action to enforce a right of the corporation or unincorporated association. Assuming that Rule 23.1(a), Fed.R.Civ.P. applies to derivative suits initiated by a member of a limited liability company to enforce a right of the limited liability company, H.K. Patel fails to satisfy the Rule's procedural requirements.

There is a presumption under New Mexico law that all property acquired during marriage is community property of the spouses. N.M.S.A. 1978 § 40-3-12(A)(Repl. Pamp. 2006)("Property acquired during marriage by either husband or wife, or both, is presumed to be community property.").[4] Pursuant to N.M.S.A. 1978 § 40-3-14, either spouse has full power to manage, control, dispose of, or encumber community personal property with certain exceptions. N.M.S.A. 1978 § 40-3-14 (Repl. Pamp. 2006). One exception to this general rule applies when

---
[3] *See also Cadle v. Hicks,* 272 Fed.Appx. 676, 678 (10th Cir. 2008)(unpublished)(acknowledging that Rule 23.1 is a procedural rule, and whether a litigant has satisfied the requirements of Rule 23.1 is a matter of federal law).
[4] *See also, In re Victor,* 341 B.R. 775, 779 (Bankr.D.N.M. 2006)("Under New Mexico law, there is a statutory presumption that all property acquired during the marriage is community property.")(citing N.M.S.A. 1978 § 40-3-12(A)(Repl. Pamp. 1999)(remaining citations omitted)); *Swink v. Sunwest Bank (In re Fingado),* 113 B.R. 37, 40 (Bankr.D.N.M. 1990), *subsequently aff'd by,* 995 F.2d 175 (10th Cir. 1993)("In New Mexico, there is a clearly stated presumption of community property.")(citing N.M.S.A. §40-3-12(A)(Repl.Pamp. 1989)).

5

only one spouse is named in the document evidencing ownership of community personal property. N.M.S.A. 1978 § 40-3-14(A) and (B)(1)(Repl. Pamp. 2006).[5] Thus, where only one spouse is named in a document evidencing ownership of community personal property, only that spouse has the power to manage, control, dispose of or encumber that property. *Id*.[6]

The facts not subject to genuine dispute establish that Usha Patel holds a membership interest in the Company, but H.K. Patel does not. The Affidavit of H.K. Patel states that he contributed funds that were used to purchase Usha Patel's membership interest, but does not contradict the implied fact that only Usha Patel is the record owner of the membership interest held by Usha Patel. Because only Usha Patel, and not H.K. Patel, is named in the document evidencing ownership of the membership interest, H.K. Patel has no right, under New Mexico law, to manage or to exercise any control over his wife's membership interest in the Company on account of his community property interest in the membership interest. Asserting a derivative action to enforce rights of the Company constitutes an exercise of management and control over the membership interest. Accordingly, the Court concludes as a matter of law that under New Mexico's community property statutes H.K. Patel's community property interest in his wife's membership interest in the Company is not of a nature that would give him the right to assert a derivative action to enforce rights of the Company under Rule 23.1, Fed.R.Civ.P.

In addition, other New Mexico law does not confer upon H.K. Patel an interest in his wife's membership interest in the Company sufficient to confer upon him standing to assert a

---

[5] Sections 40-3-14(A) and (B)(1) provide:
> Except as provided in Subsections B and C of this section, either spouse alone has full power to manage, control, dispose of and encumber the entire community personal property.
> B. Where only one spouse is:
> (1) named in a document evidencing ownership of community personal property[.]

N.M.S.A. 1978 § 40-3-14(A) and (B)(1).

[6] *See also Victor,* 341 B.R. at 780 (finding that where the trailers were titled in the name of the non-filing spouse, only the non-filing spouse had the power to manage and control the property under the applicable New Mexico statute).

6

derivative action to enforce the rights of the Company. There is no express provision in the New Mexico Limited Liability Company Act for member derivative actions[7], though the New Mexico Liability Act includes a directive that "the principles of law and equity supplement that act, including such principles applicable to corporations and their owners." N.M.S.A. 1978 § 53-19-65 (Repl. Pamp. 2001). The New Mexico Business Corporation Act provides for derivative suits brought by shareholders of a corporation against the corporation. N.M.S.A. 1978 § 53-11-47 (Repl.Pamp. 2001). Section 53-11-47 provides, in relevant part:

> No action shall be brought in this state by a shareholder in the right of a domestic or foreign corporation unless:
> (1) The plaintiff was a shareholder of record or the beneficial owner of shares held by a nominee or the holder of voting trust certificates at the time of the transaction of which he complains, or his shares or his beneficial ownership of shares held by a nominee or voting trust certificates thereafter devolved upon him by operation of law from a person who was a holder of record at such time.

N.M.S.A. 1978 § 53-11-47(A)(1)(Repl. Pamp. 2001).

The New Mexico Supreme Court has extended the scope of corporate derivative suits to partnerships, but the New Mexico Court of Appeals has declined to decide whether derivative suits can be brought in other, similar settings.[8] Even if the general directive contained in the

---

[7] The Uniform Limited Liability Company Act and the Revised Uniform Limited Liability Company Act each contain a section providing for derivative actions brought by members of a limited liability company on behalf of the limited liability company. *See* Unif.Ltd.LiabilityCo.Act. § 1102 (1996); Rev'd.Unif.Ltd.LiabilityCo.Act. §§ 902-903 (2006). Iowa, Idaho, Nebraska and Wyoming have adopted the Revised Uniform Limited Liability Company Act (2006). Many other states have Limited Liability Company Acts that contain a derivative suit provision. *See, e.g., Liebl,* 434 B.R. at 537 (applying Illinois law, 805 Ill. Comp. Stat. 180/40-1 providing for a derivative action on behalf of a limited liability company); *Halley v. Barnabe,* 271 Kan. 652, 24 P.3d 140 (2001)(Kansas Revised Limited Liability Company Act authorizes derivative actions by members); *Calpitano v. Rotundo,* 2011 WL 3672092, *3 n.1 (Conn. Super. 2011)(unreported)(Connecticut limited liability statute provides for derivative actions by members). *See also,* U.C.A. 1953 § 48-3-902 (Utah statute providing that a member of a limited liability company "may maintain a derivative action to enforce a right of a limited liability company"); Del.Code Ann. Tit.6, § 18-1001 (1998)(providing that a member or assignee of a limited liability company interest can bring a derivative action).

[8] *See Hill v. Vanderbilt Capital Advisors, LLC,* __ F.Supp.2d __, 2011 WL 6013025, *13 (D.N.M. 2011)(observing that "[t]he Supreme Court of New Mexico extended the scope of derivative suits beyond the corporate context in *First Nat'l Bank v. Sanchez,* 112 N.M. 317, 815, P.2d 613 (1991), and allowed a partner's derivative suit on behalf of a general partnership."); *In the Matter of Norwest Bank of New Mexico,* 134 N.M. 516, 519- 520, 80 P.2d 98,

7

New Mexico Limited Liability Company Act were sufficient grounds to apply the provisions of the New Mexico Business Corporation Act governing shareholder derivative suits to limited liability companies and their members, N.M.S.A. 1978 § 53-11-47 does not confer standing upon H.K. Patel.

The New Mexico Business Corporation Act extends standing to assert a derivative action to a "beneficial owner of shares held by a nominee."[9] N.M.S.A. 1978 § 53-11-47 (Repl. Pamp. 2001). Such language is not broad enough to include a generalized beneficial ownership interest such as a community property interest under state law. *See White on Behalf of Banes Co. Derivative Action v. Banes Co,* 116 N.M. 611, 613 and 614, 866 P.2d 339, 341 and 342 (1993)(stating that "[f]or a shareholder to bring an action . . . he or she must be, 'a shareholder of record or the beneficial owner of shares held by a nominee or the holder of voting trust certificates at the time of the transaction of which he complains . . . .'" (quoting NMSA 1978 § 53-11-47(A)) and observing, further that, "[t]hus, '[s]tanding is justified only by [the] proprietary interest created by the stockholder relationship and the possible indirect benefits the nominal plaintiff may acquire *qua* stockholder of the corporation which is the real party in interest.'")(quoting *Kauffman v. Dreyfus Fund, Inc.,* 434 F.2d 727, 735-36 (3rd Cir. 1970)).[10]

---

101-102 (Ct.App.2003)(stating that "New Mexico law is silent on whether a beneficiary of a testamentary trust may bring a derivative action. Accordingly, we assume, without deciding, that such a derivative action is permissible."); *Saylor v. Valles,* 133 N.M. 432, 436, 63 P.3d 1152, 1156 (Ct.App. 2002)("Whether members of a nonprofit corporation have standing to bring derivative actions is a question that we decline to answer in this case because Plaintiffs' pleadings are deficient in at least two respects.").

[9] H.K. Patel has not asserted that he holds a membership interest of record in the Company, that he is the holder of voting trust certificates, or that the is the beneficial owner of membership interests held by a nominee which would confer standing under N.M.S.A. 1978 § 53-11-47.

[10] *Cf. Borne v. Gonstead Advanced Techniques, Inc.,* 266 Wis.2d 253, 265, 667 N.W.2d 709, 714 (Ct.App. 2003)(observing, under Wisconsin law, that "'beneficial shareholder' is defined by statute as a 'person who is a beneficial owner of shares held by a nominee as shareholder[,]'' that "a 'beneficial owner' must have a certificate of the nominee on file with the corporation in order to come within that statutory definition[,]" and finding that the trust that was not a shareholder at the relevant time period, lacked standing to assert a derivative claim). *But cf. Patrick v. Alacer Corp.,* 167 Cal.App.4th 995, 1011, 84 Cal.Rptr.3d 642, 657 (Ct.App. 2008)(finding that plaintiff's alleged community property interest rendered her a beneficial shareholder which could confer standing to assert a derivative suit, recognizing that "'courts in California have historically given derivative suit standing requirements a

Therefore, even if provisions of the Business Corporation Act governing derivative suits were extended to limited liability companies, H.K. Patel's community property interest in his wife's membership interest in the Company is insufficient under the statute to confer standing.

Finally, H.K. Patel's assertion that he is a *de facto* member of the Company is insufficient to confer standing upon him to assert a derivative action. H.K. Patel has cited no case law in support of this proposition. H.K. Patel may have taken such an active role in the day-to-day business activities, financial decisions, and management of the Company that he has become a *de facto manager* of the Company,[11] but such activity is not sufficient to create an *ownership* interest in the Company that confers upon him the rights of a member.

Defendants' Motion for Partial Summary Judgment includes a request for an award of attorneys' fees but fails to cite any statute or contract between the parties that would establish a right to recovery of attorneys' fees. The Court will, therefore, deny Defendants' request for an award of fees.

---

liberal construction.'")(quoting *Pearce v. Superior Court* (1983) 149 Cal.App.3d 1058, 1066, 197 Cal.Rptr. 238)); *LaHue v. Keystone Inv. Co.,* 6 Wash.App. 765, 777, 496 P.2d 343, 350 (Ct.App. 1972)(holding that widow who held a presumptive community property interest in husband's stock at the time the stock was acquired, at the time of the alleged wrongdoing, and at the time she filed suit had standing to maintain a shareholder derivative action based on her one-half vested community interest in the stock).

On subsequent appeal, the *Alacer* court determined that because the court specifically found that the plaintiff did not, in fact, have a community property interest in the stock, she was neither a record, nor beneficial shareholder and could not state any derivative cause of action. *Patrick v. Alacer Corp.,* 201 Cal.App.4th 1326, 1345, 136 Cal. Rptr.3d 669, 684 (Ct. App. 2011).

[11] *Cf. Hawks Holdings, LLC v. Kalinowski (In re Kalinowski),* 449 B.R. 797, 812 (Bankr.D.N.M. 2011)(finding that individual who did not have an ownership interest in the limited liability company, but who undertook to carry out the fiduciary duties of the limited liability company and served as its primary decision maker, acted as the de-facto manager of the company, and was, therefore acting within a fiduciary capacity sufficient to fall within the scope of 11 U.S.C. § 523(a)(4)).

9

Based on the foregoing, IT IS HEREBY ORDERED that the Motion for Partial Summary Judgment is GRANTED, in part, and DENIED, in part. The claims of H.K. Patel filed derivatively on behalf of the Company are DISMISSED. H.K. Patel's claims filed in his individual capacity remain pending.

SO ORDERED.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: March 16, 2012

COPY TO:

**Louis Puccini, Jr.**
**Leslie Montano Thompson**
Puccini Law, P.A.
Attorneys for Plaintiffs
PO Box 50700
Albuquerque, NM 87180-0700

**Arin Elizabeth Berkson**
**George M. Moore**
Moore, Berkson & Gandarilla, P.C.
Attorneys for Defendants
PO Box 7459
Albuquerque, NM 87194