UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: DIPAKKUMAR VANMALIBHAI PATEL and       No. 7-10-12627 JA
PADMABEN DIPAKKUMAR PATEL,

    Debtors.

HASMUKHBHAI K. PATEL and
USHABEN H. PATEL, individually
and in their capacity as members of
ROSHAN HOSPITALITY, LLC,

    Plaintiffs,

v.                                          Adversary No. 10-1200 J

DIPAKKUMAR VANMALIBHAI PATEL,
PADMABEN DIPAKKUMAR PATEL, and
ROSHAN HOSPITALITY, LLC,

    Defendants.

## ORDER DENYING, IN PART, MOTION OF DEFENDANTS DIPAKKUMAR VANMALIBHAI PATEL AND PADMABEN DIPAKKUMAR PATEL TO DISMISS ADVERSARY PROCEEDING, AND RESERVING REMAINDER OF MOTION FOR TRIAL

THIS MATTER is before the Court on the Motion of Defendants Dipakkumar Vanmalibhai Patel and Padmaben Dipakkumar Patel to Dismiss Adversary Proceeding ("Motion to Dismiss"), filed May 3, 2012. *See* Docket No. 53. The Motion to Dismiss requests the Court to dismiss this adversary proceeding under Rule 12(b)(1) and Rule 12(b)(6), Fed.R.Civ.P.[1] on grounds that Plaintiffs do not have standing to assert the claims raised in this adversary proceeding and that, therefore, Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs oppose the Motion to Dismiss. *See* Docket No. 58. After considering the

---

[1] Federal Rule of Civil Procedure 12 is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012.

Motion to Dismiss and the response thereto, and, being otherwise sufficiently informed, the Court finds that the Motion to Dismiss must be denied, in part, and will be reserved, in part, for trial.

BACKGROUND AND DISCUSSION

This adversary proceeding concerns the operation of a motel business through Roshan Hospitality, LLC (the "Company"). Plaintiffs' Complaint to Determine Dischargeability of Debt (the "Complaint") asserts, among other things, that Defendants Dipakkumar Vanmalibhai Patel (Dipak Patel) and Padmaben Dipakkumar Patel (Patty Patel) used the assets of the Company to pay numerous expenses not related to the operation of the business, including their own personal expenses, and that they have failed to properly account for significant cash deposits into the Company's bank accounts. *See* Complaint, ¶¶ 10 and 11 – Docket No. 1. Plaintiffs allege that Defendants' actions give rise to a non-dischargeable debt under 11 U.S.C. § 523(a)(2)(A) for fraud; under 11 U.S.C. § 523(a)(4) for defalcation of fiduciary obligations to Plaintiffs; and under 11 U.S.C. § 523(a)(6) for willful and malicious injury to Plaintiffs' property.

The Court previously dismissed the claims of Plaintiff Hasmukhbhai K. Patel (H.K. Patel) that were filed derivatively on behalf of the Company. *See* Order Granting Defendants' Motion for Partial Summary Judgment, In Part, and Dismissing Plaintiff Hasmukhbhai K. Patel's Derivative Claims in this Adversary Proceeding ("Partial Dismissal Order") – Docket No. 49. Plaintiffs now contend that Plaintiffs' Complaint does not allege any individual claims of Plaintiffs against the Defendants, and that Plaintiffs have only brought this adversary proceeding as a derivative action on behalf of the Company. *See* Motion to Dismiss, ¶¶ 9 and 12.

Defendants filed their Motion to Dismiss pursuant to Rule 12(b)(1) and (6), Fed.R.Civ.P. Those subsections of Rule 12 provide that a party may seek to dismiss a claim by motion

2

asserting a "lack of subject-matter jurisdiction" or the "failure to state a claim upon which relief can be granted." Rule 12(b)(1) and (6), Fed.R.Civ.P. Plaintiffs point out that Defendants failed to raise their affirmative defense of a lack of standing before filing a responsive pleading, as required under Rule 12(b), Fed.R.Civ.P.[2] Even if the Court were to accept the Motion to Dismiss as timely and treat the Motion to Dismiss as a motion for judgment on the pleadings under Rule 12(c), Fed.R.Civ.P., at least a portion of Plaintiffs' Motion to Dismiss is substantively insufficient.[3] And for the reasons further explained below, the Court will withhold its ruling on the remainder of Plaintiffs' Motion to Dismiss until trial.

In support of the Motion to Dismiss, Plaintiffs rely solely on *North American Catholic Educational Programming Foundation, Inc. v. Ghewalla,* 930 A.2d 92 (Del. 2007), a case interpreting Delaware law. *Ghewalla* stands for the following three propositions: 1) that *creditors* of an *insolvent* corporation have standing to assert a *derivative* action against the directors of the corporation for breach of fiduciary[4]; 2) that *creditors* of a corporation operating in the "zone of insolvency" lack standing to assert a *derivative* claim against the directors of the corporation for breach of fiduciary duty[5]; and 3) that *creditors* of an *insolvent* corporation lack standing to assert a *direct* claim against the directors of the corporation for breach of fiduciary

---

[2] "A motion asserting any of these defenses [12(b)(1) – (7)] must be made before pleading if a responsive pleading is allowed." Rule 12(b), Fed.R.Civ.P. ). A motion to dismiss filed *after* the defendant has filed an answer is really a motion for judgment on the pleadings. *See* Rule 12(c), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012, Fed.R.Bankr.P. ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.").

[3] *Cf. In re Magnolia Gas Co., LLC,* 255 B.R. 900, 913-914 (Bankr.W.D.Okla. 2000)(choosing to address a motion to dismiss for lack of standing notwithstanding movant's failure to raise that argument in its answer as an affirmative defense, given the constitutional implications regarding standing and the limits on federal court jurisdiction).

[4] *See Ghewalla,* 930 A.2d at 101 (recognizing that "creditors of an *insolvent* corporation have standing to maintain derivative claims against directors on behalf of the corporation for breaches of fiduciary duties.)(citing *Agostino v. Hicks,* 845 A.2d 1110, 1117 (Del.Ch. 2004)(emphasis in original)remaining citations omitted).

[5] *Id.* at 101 (holding "that no direct claim for breach of fiduciary duties may be asserted by the creditors of a solvent corporation that is operating in the zone of insolvency.")

3

duty.[6] Plaintiffs argue that Defendants have failed to specifically allege that they are creditors of the Company, and conclude that such failure strips Defendants of standing to assert a claim for breach of fiduciary duty. Plaintiffs also attached to their Motion to Dismiss an affidavit of Dipak Patel attesting to the Company's insolvency during the relevant time periods.[7] Plaintiffs' reasoning seems to be that *only* creditors can assert a direct claim against an *insolvent* corporation. *Ghewalla* does not support that proposition. Shareholders can assert derivative claims on behalf of the corporation, whether the corporation is insolvent or not.[8] The Complaint alleges that Usha Patel holds a membership interest in the Company. Thus, her claims cannot be dismissed based on a failure to allege that she is a creditor of the Company. She has standing to assert her claim derivatively on behalf of the Company. H.K. Patel may or may not have standing to assert a direct claim for breach of fiduciary duty against Dipak Patel and Patty Patel as members of the Company. *Compare Ghewalla,* 930 A.2d at 102 (reasoning that "'[t]he fact that the corporation has become insolvent does not turn [derivative] claims into direct creditor claims, it simply provides creditors with standing to assert those claims'")(quoting *Production Resources Group, LLC, v. NTC Group, Inc.,* 863 A.2d 772, 776 (Del.Ch.2004)) *with Murphy v. Kincaid,* 2010 WL 3971025, *7 (N.M.Ct.App. 2010)(stating that "[i]t is well-established that

---

[6]*Id.* at 103 (holding "that individual *creditors* of an *insolvent* corporation have *no right to assert direct* claims for breach of fiduciary duty against corporate directors.")(emphasis in original). The *Ghewalla* court went on to recognize, however, that "[c]reditors may nonetheless protect their interest by bringing derivative claims on behalf of the insolvent corporation or any *other* direct nonfiduciary claim . . . that may be available for individual creditors.") *Id.*

[7]Ordinarily a motion to dismiss must be converted into a motion for summary judgment if the Court considers documents outside the pleadings. *See* Rule 12(d), Fed.R.Civ.P. ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). But here, because the Court will deny the Motion to Dismiss even if the Court accepts for purposes of argument that the Company was insolvent, the Court need not convert the Motion to Dismiss into a Motion for Summary Judgment.

[8]*Cf. Kaye v. Lone Star Fund V (U.S.), L.P.* 453 B.R. 645, 673 (N.D.Tex. 2011)(explaining that "when a wholly-owned subsidiary is insolvent, the fiduciary duties owed by its directors and officers no longer run **just to the parent as sole shareholder**, but also run to the subsidiary's creditors.")(emphasis added)(citation omitted); *Production Resources Group, LLC v. NCT Group, Inc.,* 863 A.2d 772, 792-793 (Del.Ch. 2004)(explaining that a corporation's insolvency *expands* the class of parties eligible to pursue a derivative claim to include creditors).

4

corporate directors and officers owe a fiduciary duty to the corporation and, once the corporation is insolvent, **to creditors**)(emphasis added, citing *Smith v. Cox.* 113 N.M. 682, 684-86, 831 P.2d 981, 983-85 (1992)).[9] But because it is not appropriate to dismiss Usha Patel's derivative claim for breach of fiduciary duty on standing grounds, it will be necessary to go to trial on claims asserted by both Plaintiffs. The Motion to Dismiss only addresses Plaintiffs' claims based on an alleged breach of fiduciary duty and does not seek dismissal of the other non-dischargeability claims of either Plaintiff. Depending upon the evidence presented at trial, the Court may not need to rule on the issue of H.K. Patel's standing to assert a direct claim for breach of fiduciary duty.

WHEREFORE IT IS HEREBY ORDERED that the Motion to Dismiss is DENIED, in part. Plaintiff Usha Patel's claims, including her derivative claim for breach of fiduciary duty, remain pending. The Court will reserve for trial the Motion to Dismiss for lack of standing as it relates to H.K. Patel's ability to assert a direct claim against the Company based on an alleged breach of fiduciary duty by the members of the Company.

ORDERED FURTHER that leave is granted to Plaintiffs to amend their portion of the Pre-Trial Order on or before July 10, 2012 to include an allegation that Plaintiffs are creditors of the Company.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: June 25, 2012

---

[9] If H.K. Patel's creditor claim is characterized as a derivative claim, his claim would be dismissed because the Court has already dismissed H.K. Patel's derivative claim. H.K. Patel did not allege creditor standing to bring a derivative claim prior to such dismissal. If H.K. Patel wishes to assert a direct creditor claim, Plaintiffs will need to amend their portion of the Pre-Trial order to include an allegation that H.K. Patel is a creditor of the Company.

COPY TO:

**Leslie Montano Thompson**
**Louis Puccini, Jr.**
Attorneys for Plaintiffs
PO Box 50700
Albuquerque, NM 87180-0700


**Arin Elizabeth Berkson**
**Koo Im Tong**
Moore, Berkson & Gandarilla, P.C.
Attorneys for Defendants
PO Box 7459
Albuquerque, NM 87194