UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   DIPAKKUMAR VANMALIBHAI PATEL and                        No. 7-10-12627 JA
         PADMABEN DIPAKKUMAR PATEL,

         Debtors.

HASMUKHBHAI K. PATEL and
USHABEN H. PATEL, individually
and in their capacity as members of
ROSHAN HOSPITALITY, LLC,

         Plaintiffs,

v.                                                               Adversary No. 10-1200 J

KIPAKKUMAR VANMALIBHAI PATEL,
PADMABEN DIPAKKUMAR PATEL and
ROSHAN HOSPITALITLY, LLC,

         Defendants.

### ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFFS' MOTION FOR ORDER STRIKING CHANGES TO DEFENDANTS' DEPOSITION TESTIMONY AND FOR SANCTIONS

THIS MATTER is before the Court on the Motion for Order Striking Changes to Defendants' Deposition Testimony and for Sanctions ("Motion") filed by the Plaintiffs, by and through their attorneys of record, Puccini Law, P.A. (Louis Puccini, Jr. and Leslie Montano Thompson). Plaintiffs request the Court to strike changes that the Defendants seek to make to their deposition transcripts pursuant to Rule 30(e), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7030, Fed.R.Bankr.P., on grounds that the requested changes impermissibly and materially alter the substance of the answers provided in their depositions. The Court held a final hearing on the Motion on July 10, 2012 and took the matter under advisement. After reviewing the Motion, the transcripts from the Deposition of Dipak Patel and Padma Patel, and

after considering Rule 30(e) in light of the applicable case law, the Court finds that the Motion should be granted, in part, and denied, in part.

## DISCUSSION

Plaintiffs ask the court to strike the changes that Dipak Patel and Padma Patel have made to their deposition transcripts. Pursuant to Rule 30(e), a deponent is permitted to make "changes in form or substance" to a deposition transcript by signing a statement that lists the changes and provides a reason for making the changes.[1] There is a split in authority in the application of Rule 30(e) as it relates to changes to a deposition transcript that materially alter the testimony. *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2118 (2010)(noting the split in authority); *E.E.O.C. v. Skanska USA Building, Inc.,* 278 F.R.D. 407, 410-411 (W.D.Tenn. 2012)(recognizing the split in circuit authority on this issue and explaining the circuits' different interpretations of Rule 30(e)). Under the traditional approach to Rule 30(e), a deponent is permitted to make "any changes regardless of whether they contradicted deposition testimony." *Summerhouse v. HCA Health Services of Kansas,* 216 F.R.D. 502, 504 (D.Kan. 2003)(citing *Podell v. Citicorp Diners Club, Inc.,* 112 F.3d 98, 103 (2nd Cir. 1997)(remaining citations omitted). The court does not consider whether the reasons for making the change are sufficient, reasonable or legitimate. *Podell v. Citicorp.,* 112 F.3d at 103 (citation omitted). Under this approach, the original answers nevertheless remain part of the

---

[1] Rule 30(e) provides:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) To review the transcript or recording; and
> (B) If there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

2

record, even though the deponent is permitted to make the changes to the deposition transcript. *Id.* (citations omitted).

Other courts have refused to allow changes to deposition testimony when the changes are material. *See, e.g., S.E. Technologies, Inc. v. Summit Elec. Supply Co., Inc.,* 2002 WL 34705612 (D.N.M. 2002). In taking this view, courts often look to *Greenway v. International Paper Co.,* 144 F.R.D.322 (W.D.La. 1992), wherein the court explained that

> [t]he purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported "yes" but I said "no" or a formal error, i.e., he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.
>
> *Greenway,* 144 F.R.D. at 325.

The Tenth Circuit favors this more restrictive approach to Rule 30(e), whereby the court may refuse to allow a party to make corrections to a deposition transcript if such changes materially alter the original testimony. *See Garcia v. Pueblo Country Club,* 299 F.3d 1233, 1242 n.5 (10th Cir. 2002)(noting that the Tenth Circuit did not "condone counsel's allowing for material changes to deposition testimony . . . " and citing with approval several cases, including *Greenway,* that take the more restrictive approach to Rule 30(e)). *See also, Burns v. Board of County Commissioners of Jackson County,* 330 F.3d 1275, 1282 (10th Cir. 2003)(applying a "sham affidavit" approach to a request to make corrections to a deposition transcript pursuant to Rule 30(e), and finding that the district court correctly disregarded the corrected testimony in determining a motion for summary judgment).

3

"The purpose of Rule 30 is to correct errors to ensure accuracy of the transcript; not to reflect on and thereafter craft more convenient responses to questions." *S.E. Technologies v. Summit,* 2002 WL 34705612 at *3.

Upon review of the changes, the Court finds that many of the changes materially alter the original deposition testimony. Thus, under the more restrictive approach to Rule 30(e), the Court will grant the motion and strike such material changes. In making this ruling, the Court is mindful that this adversary proceeding is currently set for trial beginning October 2, 2012, approximately 2 and ½ months from now. Defendants will have an opportunity to explain their deposition testimony at trial, should they wish to clarify or alter their deposition responses. *Cf. S.E. Technologies v. Summit,* 2002 WL 34705612 at *4 (observing that if the party wishes "to explain why her original sworn answer is wrong, she should do so at trial.").

WHEREFORE, IT IS HEREBY ORDERED that the Motion is Granted, in part, and denied, in part, as follows:

A. The following requested changes Dipak Patel and Padma Patel have made to the transcripts of their deposition testimony appear to materially alter the original deposition testimony, and will, therefore be stricken:

    1. Deposition of Padma Patel:

        Page 24, line 17
        Page 34, line 11
        Page 53, line 20
        Page 56, line 23

    2. Deposition of Dipak Patel:

        Page 14, Line 14
        Page 14, Line 25
        Page 15, Line 2
        Page 18, Line 23
        Page 18, Line 25

Page 20, Lines 24-25
Page 21, Line 18
Page 21, Line 21
Page 22, Line 20
Page 22, Line 23
Page 24, Line 9
Page 25, Line1
Page 30, Line 9
Page 32, Line 16
Page 33, Line 5
Page 33, Line 8
Page 33, Line 13
Page 33, Line 15
Page 41, Line 23
Page 55, Line 2
Page 59, Line 24
Page 60, Line 3
Page 60, Line 13
Page 64, Line 13
Page 68, Line 5
Page 68, Line 7
Page 68, Line 11
Page 68, Line 15
Page 68, Line 21
Page 70, Line 17
Page 72, Lines 4-5
Page 72, Line 7
Page 72, Line 10
Page 73, Lines 8 – 10
Page 80, Line 24
Page 99, Line 2
Page 101, Line 25

B. The remaining changes to the Deposition Transcripts of Padma Patel and Dipak Patel shall not be stricken.[2]

---

[2] The Court is not determining whether the changes to the deposition testimony not stricken pursuant to this order are immaterial. The original deposition testimony shall remain part of the record.

C. Plaintiffs' request for sanctions pursuant to Rule 7037, Fed.R.Bankr.P. is DENIED.

SO ORDERED.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: July 13, 2012

COPY TO:

**Leslie Montano Thompson**
Louis Puccini, Jr.
Puccini Law, P.A.
Attorneys for Plaintiffs
PO Box 50700
Albuquerque, NM 87180-0700

**Arin Elizabeth Berkson**
Moore, Berkson & Gandarilla, P.C.
Attorney for Defendants
PO Box 7459
Albuquerque, NM 87194